**Opinion issued February 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01024-CR

_____

**MARIO QUINTANILLA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1390217**

---

## MEMORANDUM OPINION

Appellant, Mario Quintanilla, pleaded guilty to the felony offense of evading arrest with a motor vehicle[1] and pleaded true to the allegations in a felony

---

[1]   *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2013).

enhancement paragraph.[2]  The trial court found appellant guilty, found the enhancement true, and, in accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to confinement for seven years. Appellant filed a *pro se* notice of appeal.  We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we must dismiss this appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must

---

[2]  *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2013).

dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).